IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FLOYD P. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-607-D |
| ) | |
| AMERICAN MULTI-CINEMA, ) | |
| INCORPORATED, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **O R D E R**

Before the Court is Defendants' Motion to Dismiss or, in the Alternative, to Stay All Proceedings and Compel Arbitration [Doc. No. 3]. Defendants move pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, for an order enforcing an arbitration agreement between Plaintiff and Defendant American Multi-Cinema, Inc. (AMC) and dismissing or staying this action pending the completion of the required arbitration proceeding. Defendants contend the arbitration agreement covers all claims asserted by Plaintiff and requires that they be resolved through binding arbitration.[1]

---

[1] Initially, AMC also moved for an award of attorney fees and costs incurred in filing the Motion, as provided by the agreement. *See* Defs.' Mot. at 1, 11. In further briefing, however, AMC seems to withdraw this request. *See* Defs' Reply Br. [Doc. No. 10] at 10 ("Defendants also reserve the right to seek reimbursement for fees and expenses associated with having to file this Motion, but believe that is more appropriately a matter for the arbitrator to decide."). The Court agrees that AMC's request for an award of attorney fees under the agreement is itself an arbitrable claim. *See Hollern v. Wachovia Secs., Inc.*, 458 F.3d 1169, 1170 (10th Cir. 2006); *Adviser Dealer Servs., Inc. v. Icon Advisers, Inc.*, 557 F. App'x 714, 718-19 (10th Cir. 2014) (unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A)).

Plaintiff, who appears *pro se*, has timely responded in opposition to the Motion. Liberally construing his filing, Plaintiff agrees that an enforceable arbitration agreement exists and that his claims are arbitrable, but he asserts that Defendants waived their right to arbitration by engaging in certain prelitigation conduct. Specifically, he alleges that AMC ignored his informal attempts to resolve his claims as required by the agreement, and that AMC participated in administrative proceedings before the EEOC and the Oklahoma Employment Security Commission without requesting arbitration.[2] *See* Pl.'s Resp. Br. [Doc. No. 5] at 3.

On the application of a party in a pending case, a federal district court is authorized to enforce an arbitration agreement by staying the action until arbitration has been completed "in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." *See* 9 U.S.C. § 3. In this case, the parties agree that Plaintiff asserts claims covered by a written agreement providing for binding arbitration of disputes, and no contention is made that Defendants are in default in any arbitration proceeding. Instead, Plaintiff raises only an issue of whether AMC waived its right to enforce the agreement.

Upon consideration of the sole disputed issue, the Court finds that the written agreement expressly provides that it does not apply to an EEOC charge or a claim for unemployment benefits. *See* Defs.' Ex. 1 [Doc. No. 3-1] at 1. Further, under federal

---

[2] Plaintiff also asserts that Defendants' filing fails to comply with LCvR7.1(c), which requires each motion to be filed as a separate document. Without resolving this procedural issue, the Court in the exercise of its discretion elects to excuse any irregularity.

law in this circuit, a six-factor test is used to determine whether a party has waived the right to arbitration. *See In re Cox. Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1116 (10th Cir. 2015). Plaintiff fails to allege any facts that might support a finding of waiver. Therefore, the Court finds that Defendants are entitled to a stay of this case pending Plaintiff's pursuit of his claims in an appropriate arbitral forum.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss or, in the Alternative, to Stay All Proceedings and Compel Arbitration [Doc. No. 3] is GRANTED in part and DENIED in part. This action is STAYED pending the completion of arbitration of Plaintiff's claims in accordance with the arbitration agreement between the parties. By separate order, the case will be administratively closed while the stay remains in effect.

IT IS SO ORDERED this 30th day of July, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge